FORM TO BE USED BY A PRISONER FILING A
42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### I. CAPTION

Dontaie Anderson et al
*(Enter the full name of the plaintiff or plaintiffs)*

v.

Lehigh County Prison et al
City of Allentown

*(Enter the full name of the defendant or defendants)*

### II. PARTIES

a. Plaintiff
Full name: Dontaie Anderson et al

Prison Identification number: 184122

Place of present confinement: Lehigh County Prison

Address: 38 N. 4th St Allentown Pa 18101

Place of confinement at time of incidents or conditions alleged in complaint, including address:

Lehigh County Prison

Additional plaintiffs: Provide the same information for any additional plaintiffs on the reverse of this page or on a separate sheet of paper.

b. Defendants: (list only those defendants named in the caption of the complaint, section I)

1. Full name including title: Lehigh County Prison
   Place of employment and section or unit: Allentown Pa.

2. Full name including title: Kyle Russel Warden
   Place of employment and section or unit: Lehigh County Prison

3. Full name including title: Janine Donate Director
   Place of employment and section or unit: Lehigh County Prison

4. Full name including title: The City of Allentown
   Place of employment and section or unit: Allentown Pa.

Additional defendants: Provide the same information for any additional defendants on the reverse of this page or on a separate sheet of paper.

2

| Full Name | Inmate # |
|---|---|
| Jawon H. Johnson | 196246 |
| Kamar Thompson | 206109 |

Class A:        Plaintiffs

| Full Name | Inmate # |
|---|---|
| Nathanel Montos | 206485 |
| Chad Frankenfield | 13559 |
| Martin Jesus Lopez | 105326 |
| Thomas Koble | 33529 |
| Jordan German | 168864 |
| Mark Schlacter | 9120 |
| Alex De Jesus | 204035 |
| Dontaie Anderson | 184122 |
| Sharian Lucas | 75882 |
| Shamece Clark | 183788 |
| John Garner | 199522 |
| Tarrance Garner | 191450 |
| Jose Rivera | 200457 |
| Christopher Melton | 204053 |
| Josue Santiago Serpa | 169325 |
| Josean Maldonado | 0204926 |
| Gabriel Ramos | 0204978 |
| Benji Dyer | 204214 |
| Richard Jones | 0205431 |
| Steven Jamal Williford | 205307 |

Address of all person.
38 N. 4th St, Allentown P.A 18101
Place of incident
Lehigh County Prison

| Class B Plaintiffs | Inmate # |
|---|---|
| Martin Jesus Lopez | 105326 |
| Thomas Koble | 33529 |
| Dontaie Anderson | 184122 |
| Sherian Lucas | 75882 |
| Jordan German | 168864 |
| Shamrce Clark | 183788 |
| John Garner | 199522 |
| Tarrance Garner | 191450 |
| Jose Rivera | 2004053 |
| Richard Jones | 0205431 |
| Jawon H. Johnson | 196246 |

Address of all Plaintiffs
38 N. 4th St Allentown Pa, 18101

Place of incident
Lehigh County Prison

### III.   PREVIOUS LAWSUITS

*Instructions:*

*If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have not filed other lawsuits, proceed to Section IV, Administrative Remedies, on this page.*

*If you have filed other lawsuits, provide the following information.*

*Parties to your previous lawsuit:*

Plaintiffs _____

Defendants _____

Issues: _____

_____

Court:  if federal, which district? _____

if state, which county? _____

Docket number: _____   Date filed: _____

Name of presiding judge: _____

Disposition: (check correct answer(s)): Date: _____

Dismissed _____ Reason? _____

Judgment _____ In whose favor? _____

Pending _____ Current status? _____

Other _____ Explain _____

Appeal filed? _____ Current status? _____

*Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.*

### IV   ADMINISTRATIVE REMEDIES

*Instructions:*

*Provide the information requested below if there is an administrative procedure to resolve the issues your raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.*

3

a. Describe the administrative procedures available to resolve the issues raised in this complaint:

   Type of procedure. (grievance, disciplinary review, etc.)
   _Written and verbal address to Admin._

   Authority for procedure. (DC-ADM, inmate handbook, etc.)
   _DC-ADM, handbook_

   Formal or informal procedure. _both_

   Who conducts the initial review? _Administrator_

   What additional review and appeals are available? _grievance denied_

b. Describe the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:

   On what date did you request initial review? _day of admitance_

   What action did you ask prison authorities to take? _remove lockdown order more time out of cell_

   What response did you receive to your request? _CDC guidlines to lock us down._

   What further review did you seek and on what dates did you file the requests? _None_

   What responses did you received to your requests for further review?

c. If you did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why?
   _Change and Compensation for harm done_

4

V.    STATEMENT OF CLAIM

*Instructions:*

*State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statues. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.*

Statement of Claim:

Its a peprivation of Due Process, protection from punishment befor conviction, Deliberate indifference to the well being of our mental and physical health. Reckless endangerment. Their measure, for covid19 where excessive known to cause harm, so they should have known. Failure to do the most important safty precautions for covid prevention.
Attached papers statement of Claims ▓▓ pages.

VI.    RELIEF

*Instructions: Briefly state exactly what you want the Court to do for you.*

Relief sought:

Compensatory, nominal, monetary and punitive damages for pain and suffering now and future, distress, constitutional injury, mental anguish, in the amount of $100,000,000 - for harm done.

VII.    DECLARATION AND SIGNATURE

*I (we) declare under penalty of perjury that the foregoing is true and correct.*

7/13/21
DATE

_____
SIGNATURE OF PLAINTIFF(S)

5

## Statement of Claim

This action is bought forth by two Class of inmate's, Class A seek damages for harm incured by the lock down covid 19 measure's, implamented by Warden Kyle Russel, Director Janine Donate of the Lehigh County Prison.

In the Month of March, 2020 LCP implamented lock down measure along with the rest of the nation, do to covid 19.

The lock down on the nation was lifted.

The Buerue of Prisons issued an aggresive Pandic Response, wich all facilitie attemped to mirror.

All civilian contact was suspended except for needed personel, vendur's, medical and maitnance, and all inmates where locked down for 14 to 28 days.

If covid was Identified then to continue the lock down as a quanntine measure for 21 days.

The suspention of visits, treatment, education, and religous services'. Do to the aggresiveness these measure where only to be use for the above cited.

These ristrictive measure are more restrictive then Ad-seg solitary confinement, which was design to deter negative behavior as a punishment.

Solitary confinement has been clearly establish as a sever psychological deprivation, causing mental health disorder, insanity, and a alarming rate of suicide.

LCP has had these lock down measures in effect for over a year. Being the Warden & Director they are or should be aware of the psychological effects of Solitary Confinement, and the excessive overly aggressive, restrictive lock down measure's.

You cant call cow shit stake and exspect it to taste like a new yorker or a porter house.

The effect's of the restrictiveness are going to caus worse then the effects of Ad-seg or Solitary because the restrictiveness is worse.

They suspended visit, treatment, education, and most damaging religous services, even taken God away from its detainee's.

Class A of this action some suffer from pre-existing mental health disorders that have been exacerbated, some have incure disorder's like saver depression, anxiety, paranoiya, P.T.S.D, humiliation, diebeties hyper-tention from lack of movement forceing saver weight gain.

Some taken multiple psychotropical medicatiun.

Their excessive policy was a reckless indifference, deliberate indifference, a disregard for the mental health of its wards.

To be subjected to such treatment as a pretrial detainee is cruel and unusual punishment, cruel and unusual ~~confinement~~, confinement, a substantive shockingly conscience Due Process violation and a complete and utter denial of equal protection.

The right to person security is historic, by them restraining our liberty they have taken on the responsibility, and have failed. They provided no enhance ventilation, nor did enough to protect us from their staff, who came in and out of the facility without quarintining or isolating them selv's, from others.

So the inmate's in Class B have contracted covid and suffered mild to sever symtem's even being hospitalized, because there is not full information on covid, its enffection may cause future harm or death.

This is a substantive 8th and 14th Amendment violation where Warden Russel and Director Donate fail protect it wards, and to provided their medical needs. Its deliberate-indifference where they refuse to do what was needed to protect its, wards from this air born biological deadly virulent, a complete and reckless disregard to the health and safty of its wards.

Knowing they could not protect or would not protect they should have relenquish custody, so we can protect our selve's.

Defendant The City of Allentown, we hold liable for the Lehigh Count Prison.

## VI. Relief

We seek damages, compensary, nominal, monetary and punitive, for pain & suffering, future pain & suffering, distress mental anguish, constitutional injury, for ever day spent in cruel and unusual confinement and for contracted covid 19 in the amount of $100,000,000, one hundred million dollars.

All defendants in their official compacity and Russel & Donate in their individual compacity all so.

Allso seek to have the 22 to 23 cell confinement up lifted and to have one contact visit a month. One 15 minute free phone call a day, mental health groups, and religous service's, and a special diet for people recovering from covid 19, a enhance nutrition diet, fresh vegible, fresh fruit, more protien, ensure of some type of health shake to help with those in long recovery of covid 19.

**NAME:** Dantrie Anderson 184132
LEHIGH COUNTY JAIL
38 NORTH 4TH STREET
ALLENTOWN, PA 18102-3489

U.S. Dist. Clerk ED of Pen.
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA, 19106-1799

U.S.M.S. X-RAY