IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONTAIE ANDERSON** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-3620 |
| | : | |
| **LEHIGH COUNTY PRISON, ET AL.** | : | |

**MEMORANDUM**

**McHugh, J.**                                                                                                        **July 14, 2022**

Plaintiff Dontaie Anderson, who was a pretrial detainee at Lehigh County Prison ("LCP") when the events described in this action allegedly occurred,[1] filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. (ECF No. 2). A review of the history of the case is necessary to frame the issues presently before me. Mr. Anderson originally commenced this action on his own behalf and on behalf of other individuals held at LCP. (ECF No. 2.) On September 2, 2021, Judge Savage of this Court dismissed the other detained persons that Anderson sought to represent as parties to the action, leaving Mr. Anderson as the sole plaintiff. (ECF No. 5.) He subsequently denied Mr. Anderson's petition to certify a class in this case, (ECF No. 7), and an emergency motion for a temporary restraining order. (ECF No. 13.) The City of Allentown moved to dismiss, (ECF No. 12), and Judge Savage then entered an order which significantly expanded Plaintiff's time to respond beyond what is provided by the Local Civil Rules, setting a deadline of January 14, 2022. (ECF No. 16.) The order cautioned Plaintiff that the motion would be granted if he did not oppose it. Plaintiff did not comply with the

---

[1] The events Mr. Anderson describes allegedly occurred in March 2020. The publicly available docket in *Commonwealth v. Anderson*, No. CP-39-CR-0000936-2019 (C.P. Lehigh) reflects that on June 28, 2021, Mr. Anderson was convicted on charges of driving under the influence, driving without a license, fleeing or attempting to elude an officer, tampering with evidence, and possessing a firearm. Accordingly, it appears Anderson was a pretrial detainee when the events occurred.

order and indeed never responded to the motion. Judge Savage nonetheless waited another three weeks before finally granting the motion to dismiss. (ECF No. 19). In the interim, Mr. Anderson wrote to the Court asserting that he was not receiving legal documents and requesting a copy of the docket and certain documents. (ECF Nos. 21, 22.) In late March, Lehigh County Prison and certain individual defendants moved to dismiss. (ECF No. 23.) Plaintiff again did not respond to the motion. Judge Savage did not dismiss these defendants but once again entered an order setting an extended deadline of May 22, 2022 for Mr. Anderson to respond. (ECF No. 24.) That order also cautioned that the motion would be granted if unopposed. On May 12, 2022, the case was reassigned to me, (ECF No. 25), and I granted the motion to proceed *in forma pauperis nunc pro tunc*. (ECF No. 26.)

Mr. Anderson has still not responded to the motion to dismiss which has been pending since late March but has instead filed a motion pursuant to F.R.C.P. 60(b), (ECF No. 27), requesting relief from Judge Savage's order of February 7, 2022, dismissing the City of Allentown, (ECF No. 19.) The motion also requests relief from a purported order granting Lehigh County Prison's motion to dismiss, when in fact Judge Savage issued no such order and that motion remains pending. Mr. Anderson's motion summarily states that he was "precluded from participation" without specifying how he was precluded. He further objects to Judge Savage's dismissal "without legal conclusion" as a "denial of fundamental fairness." The motion does not address his own failure to comply with Judge's Savage order requiring a response to the City's motion to dismiss, nor does it substantively address the underlying merits either as to the claims already dismissed or as to the claims remaining against Lehigh County Prison and two prison officials.

I.      **Dismissal of the City of Allentown**

To the extent that Mr. Anderson's motion for relief seeks to assert that Judge Savage erred in granting the motion to dismiss as unopposed, I disagree.  In *Stackhouse v. Mazurkiewicz,* 951 F.2d 29 (3d Cir. 1991), the Court of Appeals held that a district court granting a motion to dismiss in a *pro se case* must ordinarily engage in an analysis of the merits.  At the same time, however, it made clear that the scope of its ruling was limited: "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad." *Id.* at 30.  Here, Judge Savage's dismissal followed from Plaintiff's failure to comply with his order requiring a response by a fixed date.  As noted above, Judge Savage both expanded Mr. Anderson's time within which to answer the motion and then waited another three weeks before granting dismissal.  It was  entirely proper for him to grant the motion when he did.

Separately, the claim dismissed lacked merit as a matter of law.  Anderson had named the City of Allentown as a defendant, alleging it was responsible for a COVID-19 safety policy at LCP.  Because LCP is operated by Lehigh County and not by the City of Allentown, *see* https://www.lehighcounty.org/Departments/Corrections (last viewed 12/13/2021),[2] it was not properly named.  Even in the absence of a motion to dismiss, Judge Savage had the inherent authority to dismiss the claim as part of the screening process under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The Court may take judicial notice of the information published on a government website. *See Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

In short, no error occurred, and even if Mr. Anderson could show procedural error – which he has not -- the City of Allentown's dismissal was substantively proper. I therefore refuse to disturb the order of dismissal under Rule 60.

## II.     Pending Motion to Dismiss

As noted above, Mr. Anderson's motion under Rule 60 erroneously asserts that the Motion to Dismiss filed by Lehigh County has been granted. Because Mr. Anderson has once again ignored a specific order directing the filing of a response, it would be permissible for this Court to grant the motion and dismiss this action. But because Mr. Anderson is proceeding *pro se,* and because he alleges difficulties in receiving legal mail, I will take his allegations at face value and consider the merits of the motion. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021 (a court must construe *pro se* filings liberally and remain flexible when dealing with imprisoned pro-se litigants).

### A.     Claims against Lehigh County Prison

The § 1983 claim against Lehigh County Prison is dismissed with prejudice because a jail is not a "person" under Section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Fischer v. Cahill,* 474 F.2d 991, 992 (3d Cir. 1973). Even if I construed the claim as one against Lehigh County itself, dismissal would be warranted, because the County cannot be held vicariously liable under § 1983, *Monell v. Department of Social Services of the City of New York* (436 U.S. 658 (1978)), and the Complaint as pleaded does not allege any official policies or customs of the County that would suffice to establish direct liability.

### B.     Claims against Russel and Donate

Mr. Anderson asserts claims against LCP, LCP Warden Kyle Russel, LCP Director Janine Donate, and the City of Allentown. (ECF No. at 1.) Anderson, who completed a form prisoner § 1983 civil rights Complaint, describes his claim as follows:

4

> Its a deprivation of Due Process, protection from punishment befor [sic] conviction, Deliberate indifference to the well being of our mental and physical health. Reckless endangerment, their measures for COVID 19 where [sic] excessive known to cause harm, so they should have known. Failure to do the most important safety precautions for covid prevention.

(*Id.* at 6.) Mr. Anderson also attached to the Complaint a handwritten "Statement of Claim" describing his claims in more detail. (*Id.* at 7-10.) [3]

The first section of the narrative alleged harm suffered by a group of detainees at LCP as a result of LCP's COVID-19 lockdown measures implemented by Warden Russel and Director Donate. (*Id.* at 7.) These individuals allegedly had preexisting mental health issues. (*Id.*) According to Anderson's Complaint, the lockdown measures included suspension of all civilian contact, lockdowns lasting up to 28 days, 21-day quarantine in lockdown in cases of positive COVID test results, and suspension of treatment, education and religious services. (*Id.* at 7.)) Anderson alleges that these measures are more restrictive than those imposed on individuals held in administrative segregation, which is intended as punishment designed to deter negative behavior. (*Id.*) He also alleges that it has been established that solitary confinement can cause psychological harm, mental health disorders, insanity, and an increased rate of suicide. (*Id.*) He claims that Warden Russel and Director Donate are aware of the potential consequences of the lockdown measures yet kept them in place for over a year. (*Id.* at 8.) In effect, he asserts that the COVID precaution put in place rose to the level of constitutional violations.

Mr. Anderson is precluded from asserting the rights of others detained by Judge Savage's prior order. As to himself, in *Hope v. Warden York County Prison*, 972 F.3d 310, 325-31 (3d Cir. 2020), the Court of Appeals cautioned that, as to claims arising out of the pandemic,

---

[3] The allegations set forth in this Memorandum are taken from Anderson's Complaint. The Court adopts the pagination assigned by the CM/ECF docketing system.

"[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and that, in evaluating this context, a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic, because constitutional rules "are not subject to mechanical application in unfamiliar territory." *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)). Here, a general complaint that COVID restrictions were onerous – as undoubtedly they were – does not suffice to make out a constitutional violation when one accounts for the need to protect those detained against the virus. Absent specific allegations of patently unnecessary or punitive measures, the claim of a constitutional violation is not plausible.[4]

The second section of the narrative describes the claims of a group of prisoners that contracted COVID. (*See id.* at 3.) Once again, all claims except Anderson's individual claims are barred. As to Mr. Anderson personally, he alleges that Warden Russel and Director Donate are responsible for policies at LCP and failed to adequately protect detained people from COVID-19 exposure, resulting in Anderson contracting the virus. (ECF No. 2 at 3, 9.) Although he mentions several constitutional provisions in the Complaint, I understand him to be asserting a Fourteenth Amendment deliberate indifference claim against Russel and Donate based on their roles as supervisors at LCP. A supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed*

---

[4] It should be noted that the first portion of Plaintiff's Complaint detailing the lockdown and quarantine measures implemented to protect against COVID-19 stands in tension with, and to some degree contradicts, the second portion of his Complaint detailing prison officials' failure to protect him from the virus.

*on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).

In *Hope,* the Third Circuit affirmed that "[t]o establish deliberate indifference [in the COVID-19 context, the prisoner plaintiffs] must show the Government knew of *and disregarded* an excessive risk to their health and safety." 972 F.3d at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)) (emphasis in original). Thus, where the facility has taken concrete steps towards mitigating the risks of COVID-19 within a detention facility, a prisoner or detained person will ordinarily fall "well short" of establishing that the facility and its staff were deliberately indifferent prison officials cannot entirely "eliminate all risk" of contracting COVID. *Id.* at 330-31.

Mr. Anderson alleges that he contracted COVID-19 while incarcerated because LCP failed to enhance ventilation and to protect him from staff who came and went from the facility without quarantining or isolating. (ECF No. 2 at 9.) He further alleges in conclusory fashion that Warden Russel and Director Donate failed to protect him and failed to provide for his medical needs. (*Id.*) He does not allege any specific conduct on the part of Russel and Donate that constituted deliberate indifference, and Anderson's diagnosis alone is an insufficient basis upon which to establish a constitutional violation. *See Hope*, 972 F.3d at 330 (explaining that the Constitution does not require the government to entirely eliminate the risk of contracting COVID-19 in a prison setting, stating "[plaintiffs] argue that the Government must eliminate *entirely* their risk of contracting COVID-19. That task is not the constitutional standard, however."); *Adames v. Pistro*, Civ. A. No. 21-2855, 2021 WL 2903064, at *2 (E.D. Pa. July 9, 2021) (dismissing upon screening a *Bivens* claim asserting deliberate indifference based solely on exposure to COVID-19 in prison).

Accordingly, as currently pleaded Anderson's deliberate indifference claims against Warden Donate and Director Russel lack sufficient detail to be plausible.

## IV.     CONCLUSION

Defendants' Motion to Dismiss is granted. Lehigh County Jail and the City of Allentown are dismissed with prejudice. Defendants Russel and Donate are dismissed without prejudice. Anderson may file an amended complaint if he can cure the defects the Court has identified. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Mr. Anderson's request for relief under 60(b) is denied. An appropriate Order follows.

    /s/ Gerald Austin McHugh
United States District Judge